IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,998 & AP-76,999






In Re PATRICK McCANN and ALBERT JAMES TURNER, Relators









ON MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF
MANDAMUS AND WRIT OF PROHIBITION FROM CAUSE NO. 10-DCR-54,233, ALBERT JAMES TURNER, APPLICANT,

IN THE 268TH JUDICIAL DISTRICT COURT

FORT BEND COUNTY




 Per Curiam. 


O R D E R



 We have before us a motion for leave to file an application for a writ of mandamus
and a writ of prohibition, an application for a writ of mandamus, and an application for a
writ of prohibition.

 The matter underlying this proceeding involves an order from the trial court
ordering trial counsel to turn over his trial file so that habeas counsel can conduct a
proper investigation before preparing an application for writ of habeas corpus on behalf
of applicant, Albert James Turner. Trial counsel refused to turn over his file without a
release signed by his client (applicant), and applicant refused to sign the release. The trial
court then held relator counsel in contempt. On a motion for emergency relief, this Court
stayed the enforcement of the contempt order and the order to disclose applicant's trial
file pending further order of this Court. In re McCann, No. WR-76,984-01 (Tex. Crim.
App. Jan. 7, 2013)(not designated for publication).

 This Court has determined that the cases should be filed and set and that both
parties should brief the following issues:

 1. To whom does a client's file belong? 


 2. If the file belongs to the client (the defendant in the underlying case here),
what are the possible consequences should the client refuse to turn over the
file to subsequent counsel?


 3. If the file belongs to the client and the client is unable or unwilling to
decide whether to turn over the file, to whom does that decision fall (e.g.
former counsel, subsequent counsel, trial judge, or guardian appointed for
that issue)?


Briefs from both relator and respondent are due in this Court within 30 days of the date of
this order. No motions for extension of time to file will be entertained.

 IT IS SO ORDERED THIS THE 20TH DAY OF MARCH, 2013.


Do Not Publish